# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1466

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Alberto Zaragoza Becerra, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 21, 2010
Filed: November 17, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Alberto Becerra challenges the within-Guidelines-range sentence the district court[1] imposed following his guilty plea to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Counsel has submitted a brief under Anders v. California, 386 U.S. 738 (1967), in which he argues that the district court abused its discretion in sentencing Becerra and should have sentenced him to a below-Guidelines-range prison term.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

We hold that the district court, in sentencing Becerra, did not commit any procedural error, because the court correctly calculated the advisory Guidelines range, properly considered only relevant section 3553(a) factors, and explained its reasons for the within-Guidelines-range sentence, and that the court did not abuse its discretion by imposing an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentence for reasonableness, this court first ensures district court committed no significant procedural error, such as improperly calculating Guidelines range, treating Guidelines as mandatory, failing to consider § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to adequately explain chosen sentence, then considers substantive reasonableness of sentence under abuse-of-discretion standard; appellate presumption of reasonableness may be applied to within-Guidelines-range sentence); see also United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (defining ways in which abuse of discretion may occur).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm.

_____